**In the Matter of the Complaint of PUERTO RICO MARITIME SHIPPING AUTHORITY, as Owner of the "SS SAN JUAN", and Puerto Rico Marine Management, Inc., as Charterer and/or Operator and/or Manager and/or Agent of the "SS SAN JUAN", as defined in 46 U.S.C. § 186, for Exoneration from or Limitation of Liability, Petitioners.**

Civ. Nos. 80–1757 (HL), 80–430, 80–1791, 80–1797, 80–1820, 80–2466, 81–0135, 81–0136 and 81–0172.

United States District Court, D. Puerto Rico.

Aug. 6, 1984.

William A. Graffam, Jiménez & Fusté, Hato Rey, P.R., for petitioners.

José Luis Novas Dueño, Hato Rey, P.R., for St. Paul Fire and Marine Ins. Co., et al.

Antonio M. Bird, Bird & Bird, San Juan, P.R., for claimants Coquí Lighter Comp., U.S. Fire Ins. Comp., et al.

Rivera, Tulla & Ferrer, Hato Rey, P.R., for Colorcon, Inc.

## OPINION AND ORDER

LAFFITTE, District Judge.

Present before this Court is a motion for summary judgment by petitioners Puerto Rico Maritime Shipping Authority (PRMSA) and Puerto Rico Marine Management, Inc. (PRMMI), their insurers and underwriters, (shipping interests) in all the above consolidated cases, against the United States, filed on January 16, 1984. Also, on that date, Coquí Lighter group of cargo claimants, and New Hampshire Insurance Company group of cargo claimants, also filed their corresponding motions for summary judgment against the United States. On March 6, 1984, the United States filed a belated opposition to all parties' motions for summary judgment and a cross-motion seeking summary judgment dismissing all claims against it.

### I. PROCEDURAL BACKGROUND.

To commence, a brief summary of the proceedings had heretofore is necessary to understand the present posture of these cases. The above captioned cases ensued from the stranding of the SS SAN JUAN on February 11, 1980, while said vessel was transiting outbound of San Juan Harbor. By Order of this Court dated November 7, 1980, all cases filed in connection therewith were consolidated into the original petition for exoneration from limitation of liability. Vessel interests and cargo interests sought

recovery from each other and from the United States. The parties variously alleged that the grounding and stranding of the SS SAN JUAN occurred because of the unseaworthiness of the vessel, because buoy # 2, which according to said parties, is a critical navigation aid in San Juan Harbor, was missing prior to the night of the stranding, and because fishing vessels were negligently allowed to interfere with transiting ships.

On or about August 1982, the parties initiated discovery against the United States. Basically, the parties were seeking to establish through discovery that the grounding and stranding of the SS SAN JUAN was caused by the Coast Guard's negligence in failing to maintain Buoy # 2. The United States failed to comply with its discovery obligations and disregarded discovery orders of this Court over a period of one and a half years.[1] Finally, faced with this situation, the parties filed motions for sanctions against the United States. On October 7, 1983, Magistrate Justo Arenas issued a Report recommending sanctions be imposed, and on December 14, 1983, by Opinion and Order, the Court accepted the unopposed recommendation, and imposed sanctions as follows: that all factual allegations contained in the various complaints and third party complaints against the United States be deemed to be established; that the United States be prohibited from introducing evidence to rebut the facts taken as established; and that those portions of the United States answer and affirmative defenses which denied facts taken as established, be stricken from that answer.

Subsequently, on December 19, 1983, at a calendar call hearing, PRMSA (vessel interests) requested from this Court permission to file a motion for summary judgment in light of the order entered on December 14, 1983, imposing sanctions. The Court

ordered that all vessel and cargo interests were to file motions for summary judgment as to the liability of the United States by January 15, 1984. The United States was granted until January 30, 1984, to oppose these motions. Also, the Court stayed all claims between vessel, cargo interests and underwriters until after the final disposition of the claims against United States.

On March 6, 1984, this Court set a hearing for May 7, 1984, on United States' motion for leave to file opposition to summary judgment and to file its cross-motion for summary judgment dismissing all claims. On May 7, Attorney Van Emmerick, of the United States Justice Department appeared in person to give his personal excuses to the Court, accepting personal responsibility for the obstinacy of the United States in this litigation.[2] Whereupon the Court allowed the late filing of the Government's opposition to summary judgment, but refused to accept the filing of Government's cross-motion for summary judgment dismissing all claims of vessel and cargo interests.

## II. THE APPLICATION FOR SUMMARY JUDGMENT.

Rule 56 of the Federal Rules of Civil Procedure in its pertinent part provides as follows:

"(c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law..."

"(e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response,

1. Although the United States' defense of this case was handled jointly by the local U.S. Attorney's office, and the U.S. Department of Justice in Washington, it became apparent in discovery proceedings that the Washington Office was in charge of the case. Attorney VanEmmerick was responsible for this litigation.

2. Attorney Van Emmerick had written to the Court on March 2, 1984, explaining his personal problems during this litigation. This letter was ordered to be filed as an informative motion.

by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issues for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Given the facts of this case and the procedures chosen by the parties to bring these facts before the Court for disposition, i.e., motions for summary judgment, the Court is presented with a difficult situation. Although all the factual allegations contained in the various complaints and third party complaint against the United States Government were deemed to be established, and the United States was prohibited from introducing evidence to rebut facts taken as established, and those portions of the United States' answer and affirmative defenses which denied facts taken as established were stricken from that answer, Rule 56(c) does not relieve the Court of its statutory duty of decidng a motion for summary judgment, based on the entire record. The Court must look through the entire record of all these consolidated cases,[3] including pleadings, discovery, and attachments thereto, to assure itself that there is no genuine issue as to any material fact.

Furthermore, Rule 56(e) itself admonishes that summary judgment should be entered on the pleadings only "if appropriate" in the case. The phrase "if appropriate" includes the general standard of subdivision (c) of Rule 56 which requires the absence of genuine issue of material facts. The Advisory Committee of Rule 56(e) made crystal clear in its comments to the rule that: "[w]here the evidentiary matters in support of the motion does not establish absence of genuine issue, *summary judgment must be denied even if no opposing evidentiary matter is presented.*" Advisory Comm.Notes to Rule 56 (1963 Amendment). See also, *Stepanhischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922 (1st Cir.1983), construing the phrase "if appropriate" under Rule 56(e).

Having ferreted through the record, we feel compelled to conclude that disputed facts exist and, therefore, vessel and cargo interests have not shown that summary judgment against the United States "is appropriate" as a matter of law. The Court may not grant summary judgment as a further sanction for the United States' failure to comply with discovery orders. An issue of fact is material if it "affects the outcome of the litigation, and it is genuine if manifested by substantial evidence going beyond the allegations of the complaint." *PIGNONS, S.A. de Mecanique, etc. v. Polaroid,* 657 F.2d 482 (1st Cir.1981).

### III.  GENUINE ISSUE OF MATERIAL FACT.

In the case at bar, the basic factual issue on the proximate cause of the grounding and stranding of the SS SAN JUAN is disputed, by virtue of the disparate allegations of the parties, and by evidence in the record. Considering all allegations of all parties, and considering the transcripts of the sworn testimony of the Captain of the SS SAN JUAN, Conrad R. Nilsen, given during a Coast Guard investigation following stranding, and the testimony of August P. Lazzaro, Third Mate on the SS SAN JUAN, given in the same investigation, there is beyond doubt a genuine issue as to the causal connection of the missing buoy with the stranding of the SS SAN JUAN. Finally, this Court must consider whether this issue is material to United States' defense, that is, whether the United States is solely responsible for the stranding of the SS SAN JUAN, or whether other causes proximately contributed to the stranding.

In these types of cases, summary judgment is rarely appropriate because the issue of negligence, contributory negligence and proximate cause are involved, the resolution of which requires the determination of the reasonableness of the acts and conduct of the parties. *Gross v. Southern Railway Company,* 414 F.2d 292 (5th Cir.1969); *Croley v. Matson Naviga-*

---

**3.** As mentioned before, cases were consolidated as to the issue of liability.

*tion Co.,* 434 F.2d 73, 75 (5th Cir.1970); Wright & Miller, *Federal Practice & Procedure:* Civil 2nd Section 2729. In considering a motion for summary judgment, the Court has no duty or function to try or decide factual issues. Its only duty is to determine whether or not there is a factual issue to be tried. Further, all doubts as to the existence of material fact must be resolved against the party moving for summary judgment. Where, as here, the record makes plain that genuine issue of material fact is still in dispute, it has been thought not "appropriate" to grant summary judgment. *Donovan v. Agnew,* 712 F.2d 1509, 1509–16 (1st Cir.1983); *Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922 (1st Cir.1983).

Considering the present procedural posture of this case, the entry of judgment against United States under such circumstances would clearly violate Rule 55(e) of FRCP, unless petitioners establish their claim or right to relief by evidence satisfactory to the Court. *Giampaoli v. Califano,* 628 F.2d 1190 (9th Cir.1980); *United States v. Sumitomo Marine & Fire, Inc.,* 617 F.2d 1365 (5th Cir.1980).

WHEREFORE, all parties' motions for partial summary judgment as to the issue of liability of the United States are hereby DENIED. The case is hereby set for an evidentiary hearing as to the liability of the United States, on November 26, 27, 28, 1984, at 9:00 A.M., and further, a pretrial conference is hereby set for November 8, 1984, at 10:00 A.M.

IT IS SO ORDERED.

